Michelle R. Ghidotti-Gonsalves, Esq. (SBN 27180)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
mghidotti@ghidottiberger.com

Attorneys for Creditor
U.S. Bank Trust, N.A., as Trustee of the Igloo Series III Trust

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA – TUCSON DIVISION

| | |
|---|---|
| In re: | CASE NO.: 4:19-bk-14324-SHG |
| DANIEL H. BENTON, KATHERINE C. BENTON, | RESPONSE TO DEBTORS' OBJECTION TO PROOF OF CLAIM AND REQUEST FOR HEARING THEREON |
| Debtors. | |

TO: UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR(S), AND ALL INTERESTED PARTIES

U.S. Bank Trust, N.A., as Trustee of the Igloo Series III Trust, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following response to Debtor's objection to proof of claim and motion to excuse debtor's from conduit plan requirement as follows.

The above-styled Debtors filed a voluntary petition under Chapter 13 of Title 11, United States Bankruptcy Code on November 11, 2019.

On January 21, 2020, Secured Creditor filed its proof of claim number 7-1 in the instant bankruptcy case evidencing a total claim of $134,714.99 and pre-petition arrearages of $1,364.50,
1

4:19-bk-14324-SHG
Response to Claim Objection

representing the November 1, 2019 principal and interest payment of $536.16 principal and interest, a late fee of $21.76 and a projected escrow shortage of $806.58.

A timely-filed proof of claim or interest is deemed "allowed" unless an objection has been filed and sustained. See Rule 3001(f) of the Fed. R. of Bank. P.; 11 U.S.C. § 502(a); *In re G.I. Indus., Inc.* (9th Cir. 2000) 204 F.3d 1276, 1280. Consequently, as there is no allegation of an untimely filing, Secured Creditor's claim is entitled to a presumption of validity as a timely-filed proof of claim.

To overcome the presumption of validity created by a timely-filed proof of claim, an objecting party must provide sufficient evidence to create triable issues of fact. *In re G.I. Indus., Inc.* (9th Cir. 2000) 204 F.3d 1276, 1280; *In re Medina* (9th Cir. BAP 1996) 205 BR 216, 222; *In re Hemingway Transport, Inc*. (1st Cir. 1993) 993 F.2d 915, 925. Only where the objecting party presents sufficient evidence to rebut the presumption of validity created by the filing of a proof of claim does the presumption disappear, thus shifting the burden upon creditor to prove its claim. *In re Southern Calif. Plastics, Inc.* (9th Cir. 1999) 165 F.3d 1243, 1248.

On March 17, 2020, Debtors filed the instant objection to Secured Creditor's claim contesting the pre-petition delinquency by claiming to be current on the loan. In support of the objection to claim, Debtors attached a series of checks ranging from January 2019 through December 2019. However, the checks provided by Debtors are not authenticated by any declaration and thus are not properly submitted into evidence. Thus, Debtor's objection to claim does not provide any evidence impinging upon the accuracy or validity of Secured Creditor's claim. Furthermore, the key check is at issue which actually refutes Debtor's arguments is dated November 24, 2020, after the filing of the bankruptcy case and outside of the 15 day grace period provided for under the Note and Deed of Trust. Thus, as of November 11, 2019, the date the bankruptcy was filed, Debtor had not made and Secured Creditor had not received the mortgage payment due on November 1, 2019. Thus, at the time of filing, the loan was pre-petition delinquent for the November 1, 2019 mortgage payment. With regard to the escrow shortage, the filing of the bankruptcy requires Secured Creditor to conduct a new escrow analysis, which is attached to Secured Creditor's proof of

claim. Nonetheless, Secured Creditor is reviewing the escrow analysis further to determine whether an amendment is needed. However, the loan was not current at filing and the proof of claim is proper. Debtor has not provided any evidence to the contrary and the objection to claim should be overruled.

WHEREFORE, Secured Creditor prays as follows:

1. That the objection to claim be denied,
2. For such other relief as this Court deems proper.

GHIDOTTI | BERGER LLP

Dated: March 30, 2020     By:   /s/ Michelle R. Ghidotti, Esq.

MICHELLE R. GHIDOTTI, SBN 027180
Counsel for Creditor

Michelle R. Ghidotti-Gonsalves, AZ State Bar No. 27180
GHIDOTTI | BERGER LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Phone: 949-427-2010
Facsimile: 949-427-2732
Email: mghidotti@ghidottiberger.com

Attorneys for Credit
U.S. Bank Trust, N.A., as Trustee of the Igloo Series III Trust

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – TUCSON DIVISION

In re:

DANIEL H. BENTON and KATHERINE C. BENTON

Debtors.

Case No: 4:19-bk-14324-SHG

Chapter 13

CERTIFICATE OF SERVICE

## **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 5120 E. La Palma Ave., Ste. 206, Anaheim, CA 92807.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

Page 1

On March 30, 2020 I served the following documents as described as:

1. **RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM AND REQUEST FOR HEARING THEREON**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows.

| | |
|---|---|
| **DEBTORS**<br>DANIEL H. BENTON<br>4163 EAST CITRINE ROAD<br>SAN TAN VALLEY, AZ 85143 | **TRUSTEE**<br>DIANNE C. KERNS<br>31 N. 6TH AVENUE<br>#105-152<br>TUCSON, AZ 85701 |
| **JOINT DEBTOR**<br>KATHERINE C. BENTON<br>4163 EAST CITRINE ROAD<br>SAN TAN VALLEY, AZ 85143 | **U.S. TRUSTEE**<br>U.S. TRUSTEE<br>OFFICE OF THE U.S. TRUSTEE<br>230 NORTH FIRST AVENUE<br>SUITE 204<br>PHOENIX, AZ 85003 |
| **DEBTOR'S COUNSEL**<br>RAYMOND J. STEELE<br>LAW OFFICE OF RAYMOND J. STEELE<br>P.O. Box 670<br>CHANDLER, AZ 85244 | |

_XX_(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_XX_(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2020 at Santa Ana, California

By: /s/Marlen Gomez
    Marlen Gomez